Opinion of the court by
Judge Mills.
[Absent Ch. Justice Bibb.]
Rochester, M’Ilvoy and M’Dowell, now defendants in error, exhibited their bill against Hunter and John Dunlap, in the court below, to get the conveyance of the title of a lot of ground in Danville, which they alleged had been sold by Dunlap to Hunter, and by Hunter to then, but never conveyed. They proceeded by publication against the defendants then named, and obtained a final decree for a conveyance, in the year 1810,
Some years afterwards, they exhibited another bill, suggesting the death of Dunlap before the conveyance was executed to them by a commissioner, and suggesting that some of his representatives had transferred their interest in the lot since the decree, and pray that their bill may be revived and carried into effect against the present holders of the estate. They again proceeded by publication, and obtained a second decree in 1820, reviving and effectuating the first decree.
Sometime afterwards some of the defendants in the latter bill appeared and tendered an answer, and prayed leave to file it, and investigate the merits of the last decree. Their motion was overruled. To this decision, as well as the last decree of 1820, a *143 writ of error was prosecuted, and errors were assigned in that decree, as well as in the subsequent decisions of the court, and the record of the decree of 1810, was not then brought before the court. The decree of 1820 was then affirmed, and the order refusing leave to file an answer sustained, as will be seen by a report of the case, 3 Litt. R. 269, to which reference is had for a more minute history of the facts and circumstances attending it.
Farther proceedings on the return of the cause.
Bleight’s motion to file his answer and cross bill, overruled.
Grounds of objection to opening the decree by Bleight’s answer.
Decision of the court overruling a motion by a part of the defendants in a decree against them and others as absent defendants, to open the decree and file their answer, because all did not appear who were necessary parties to contest the decree, is not a bar to another application by all.
*143 After a return of this decision, Samuel Bleight and wife, she being one of the heirs and devisees of John Dunlap, again appeared in the court below, and presented a paper duly sworn to, and which termed itself an answer, a cross bill, and a bill of review, and in all, or some, or at least one of these characters, moved the court for leave to file it.
They allege that they now possess the whole title, except a small share belonging to Isaac Reed, and that the rest of the heirs, and Isaac Reed, the alienee of one heir, refuse or decline that joining in the defence or suit. The court overruled this motion also; and to this decision this writ of error is now prosecuted.
The most prominent objections to the filing of this answer, and revising the last decree under the Act of Assembly, permitting absent defendants against whom publications has been made, to be heard within seven years, are the following:
1st. These same defendants had previously made an application, with others, which was overruled, and that overruling has been affirmed by this court.
2d. The last decree, to which the answer above can or ought to apply, has been affirmed by this court.
3d. All the parties have not united in this answer.
As to the first of these objections, we do not conceive that the former application ought to be considered as a bar to the second. At the former application, they were rejected because the applicants did not present themselves as they ought to have *144 done. They did not all appear who were necessary parties, to contest the decree, and from analogy to other proceeding in chancery, this ought not to prejudice their rights more than a bill dismissed without prejudice for want of proper parties, ought to bar another bill, for the same cause of complaint. The original proceeding was exparte, or rather on constructive notice only, and from the weak presumption that such notice ever reached the defendants under the laws of this country, a tender regard to the rights of the parties, require that nothing should bar their application to be again heard, except those facts and circumstances which the statute has fixed as a quietus to the decree. To make an abortive attempt to file an answer bar another application, would be quieting the decree by other means than those which the statute has adopted.
Decree of affirmance in this court on a writ of error brought by the defendants to a decree against absentees, does not bar their right to file their answer within the seven years.
Where the absent defendants hold a joint right they must embody themselves in one petition and answer, and present them within the seven years.
The same reasons will, in some measure, apply to the second ground of objection, that is, the affirmance of the last decree by this court. The questions decided on a writ of error here to reverse such decree, are, or may be very different from, and by no means analogous to, those which may be made by filing an answer under the Act of Assembly, and questioning the decree in the court below; of course, one remedy ought not to be held equivalent to the other. And if the party has prosecuted his writ of error unsuccessfully, and after that decision his seven years have not elapsed, as was the case here, with regard to the last decree, we conceive he is still at liberty, under the Act of Assembly, to apply in the court below to be heard, by a proper answer, contesting the complainants claim.
The third objection is entitled to more weight. It was decided in the former opinion in this case, that joint defendants, holding a joint right claimed by the complainants, must embody themselves in a petition and answer, to be heard within the seven years; and that it was not the intention of the Legislature to permit a joint right to be decided by as many defendants, co-parceners, tenants in common, or joint tenants, as might hold the title.
If one defendant shews in his petition and answer, he owns the interest of all the others against whom the decree was rendered, he shall be heard without their uniting, otherwise not.—
—In such cases the defendant who appears making his co-tenant a defendant to a cross-bill in his answer will not avail.
Bills of review are on matters dehors the record, and on errors of law apparent on the face of the decree—The leave of the court must be obtained to file the former— The latter is filed of course.
*145 This decision we still approve, and it would settle the controversy here if Bleight and wife had not presented themselves in a different attitude from what they appeared when the former decision was rendered. They now show by deeds and title papers, produced as part of their answer, that they hold all the interest in the lot conveyed to them, which was formerly held by the other defendants, except a small undivided interest held by Isaac Reed. If they had shewn that they held the whole, or Isaac Reed had been joined with them in this application, so that the whole title could be settled by their answer and defence, we should feel disposed to let in the answer, conceiving that they would be entitled to stand, and be heard for the whole title, as all the defendants could be. But as Reed has not united with them, and they have not his title, we conceive the application comes within the former decision, and that it ought not to be allowed. The want of Reed’s interest being before the court, was a sufficient reason for rejecting the application.
Nor do we conceive that their making Reed a party to their answer, and calling upon him to answer, will alter the case. Against Reed, in this form the applicants might make publication, and obtain his default, and Reed would then have seven years more to come in and disturb the second decree, and thus the time given would be fourteen years, added to as many more as this controversy might be depending. For the want then of Isaac Reed, or his title, before the court in this application, the court below did not err in overruling it.
This renders it unnecessary that we should say any thing about the cross bill contained in the answer. For it is impossible that there can be a cross bill without an original bill first depending.
The claim set up by this document, to be considered as a bill of review, is the only remaining attitude which requires consideration. Bills of review are of two kinds; one based on matters dehors the record, such as the discovery of new matter not known in the former case, or the discovery of evi *146 dence of a permanent and unerring nature to points before in issue; the other is confined to errors in law, apparent on the face of the former decree. The first class cannot be filed without leave of the court first had and obtained, the latter may.
It is not error in the court to refuse leave to file such a bill of review as might have been free of course, unless it appear the party might prevail on it.
Bill of review for errors apparent on the face of the decree and a writ of error are analagous and equivalent remedies—Hence an affirmance of the decree in this court is a bar against a bill of review for any errors which were or might have been assigned here.
This bill is one of the latter class, and assigns errors both in the original decree and the decree of revivor. The defendants, now plaintiffs in error, might have filed it without leave of the court. But if it shall be found that they have sustained no injury by the rejection of it, there is no reason for reversing the occasion. So far as it assigns errors in the original decree, it cannot be of any use to the defendants, while the last decree stands. To reverse that decree, and leave the latter in full force, would be unavailing. It was because that decree was dead and inoperative, that the second decree was asked, and was necessary to revive and enforce it, and it has no operation now, except by the last decree. To nullify it, therefore, and to leave the last, would leave the controversy standing precisely as it stood before; and, therefore, the refusing leave to reach that decree, without the last, works no injury to the plaintiffs in error.
But so far as this bill of review seeks to change the last decree, and to shew reasons why the last should not have carried the former into effect, remains to be considered. To this a positive bar is presented to relief by the remedy attempted. No question on this point can be made or presented, but what might have been made before this court on the writ of error, when the last decree was had on the first writ of error, and that decree is already affirmed. If the present plaintiffs in error then failed to make the questions and points which they might have done, they are barred from making them afterwards, either to this court, or by bill of review on the face of the former decree in the court below, which is an analogous and equivalent remedy. For instance, it is now insisted that the first decree was rendered without a publication of the order a proper length of time, and that, therefore, there was no service of process, either actual or constructive; *147 and the decree was consequently void, and ought not to have been enforced by the last decree. If this question had been presented on the first writ of error, it might have presented a formidable obstacle to sustaining the last decree.
Practice.
Party must shew himself injured to maintain his cause here.
Darby, for plaintiffs; Talbot, for defendants.
But instead of this, on that writ of error the first decree and all the preceding record was kept out of sight, and not produced, and this court could not direct it to be produced on certiorari, by order ex-officio; for it is against the practice of the court to bring up parts of a record left behind by the parties, for the purpose of reversing a decision of the court below, although it will take such a step in affirmance of the decision. It was then the right of the party not to produce it then, and that neglect must preclude them from reaching the same question now, either by writ of error in this court, or a bill of review on the face of the decree in the court below.
Therefore, although this bill of review might have been filed in the court below without leave, yet, as leave was asked and refused, and it is plainly seen that no injury resulted from the refusal, and that if filed, it could not have been of any avail, there is no reason for disturbing the decision of the court below on this ground.
The decree is affirmed with costs.